## Crane Company v. Michael J. Tierney and Michael C. McDonald.

1. BILLS OF EXCEPTIONS—*Statements in, as to Evidence not Shown by.*—At the conclusion of all the evidence shown by a bill of exceptions there appeared this statement: " Which evidence, with other evidence introduced, and because of the introduction of other evidence, tended to prove the issues in the case, and which evidence was made material and admissible by and because of other evidence introduced in the case." *Held*, that the admissibility of the evidence thus certified to could not be questioned.

Crane Co. v. Tierney.

INSTRUCTIONS—*Stating Abstract Propositions or Repeating Matters Already Given.*—Instructions stating abstract propositions or repeating matter given in other instructions may be properly refused.

Assumpsit, on the common counts. Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

JAMES H. BARNARD, attorney for plaintiff in error; E. M. ASHCRAFT, of counsel.

EDWARD MAHER and CHAS. C. GILBERT, attorneys for defendant in error M. C. McDonald; A. B. JENKS, of counsel.

A bill of exceptions is the pleading of the party preparing it, and will be construed most strongly against him. Inferences most favorably to such party are not to be drawn from it, and uncertainties in it will be resolved against him. Garrity v. Hamburger Co., 136 Ill. 513; Spangenberg v. Charles, 44 Ill. App. 526; Jordan v. Vehon, 44 Ill. App. 177; O'Berne v. Robins, 44 Ill. App. 76; Rogers v. Hall, 3 Scam. 5; McLaughlin v. Walsh, 3 Scam. 185; McKee v. Ingalls, 4 Scam. 30.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The action was assumpsit, by plaintiff in error against defendants in error, trading and doing business as M. J. Tierney & Co. The declaration consisted of the common counts.

The case was tried upon issues made on the plea of non-assumpsit and a plea denying joint liability by McDonald. It resulted in verdict and judgment for defendants.

The writ of error brings before this court for review the ruling of the court below as to the admissibility in evidence of an alleged copy of dissolution of partnership, and rulings in refusing and modifying instructions asked by the plaintiff, and in giving instructions asked by the defendants.

The bill of exceptions presents a part only of the evi-

dence heard upon the trial. From the fragment of evidence presented, there might be grave question as to the admissibility of the copy of articles of dissolution, were it not that a statement, certified by the trial court as part of the bill of exceptions, disposes of such question. Before the introduction of the copy, there appears this statement, viz.: " The above and foregoing was all the evidence introduced by either parties as to the admissibility of the paper referred to." After the admission of the copy, and at the conclusion of all the evidence shown, there appears this statement, viz.:

" Which evidence, with other evidence introduced, and because of the introduction of other evidence, tended to prove the issues in the case, and which evidence was made material and admissible by and because of other evidence introduced in the case."

That the other evidence, which operated to make this copy admissible, was evidence which does not appear in the bill of exceptions seems clear, and we are concluded as to its effect by the above statement that it made the copy admissible.

Upon this bill of exceptions, plaintiff in error is precluded from questioning the admissibility of the item of evidence thus certified to.

The briefs of counsel warrant us in limiting our consideration of rulings upon instructions to the refusal of the 2d, 4th, 5th, 6th and 8th, and modification of the 12th of the instructions tendered by plaintiff; and to the giving of the 3d, 6th, 7th, 8th, 10th, 11th, 13th and 18th of the instructions tendered by defendants.

Instruction numbered 2 was properly refused, for it had been given, in substance, in instruction numbered 1. Instructions numbered 4 and 5 were substantially included in instructions numbered 1 and 3 given, and the refusal to repeat was not error. The 6th instruction was abstract. The 8th instruction was included in the 12th which was given; and we see no error in the modification of the 12th. The 12th instruction as given is as follows:

Crane Co. v. Tierney.

"The court further instructs you, as law, that if you should believe from the evidence in this case that the business of steam fitters' supplies is not embraced in the articles of copartnership in evidence, and that M. J. Tierney, without the knowledge or consent of defendant, Michael C. McDonald, purchased and sold steam fitters' supplies in the name of said firm of M. J. Tierney & Co., to such an extent and for such a length of time, openly and publicly, that the dealing in steam fitters' supplies became a business within the apparent scope of the business conducted by M. J. Tierney & Co., then and in that case the defendant, Michael C. McDonald, would be bound for the contracts made by said firm in that line of business, precisely the same as if it had been embraced in the articles of copartnership, as to third parties dealing with the firm in good faith, without knowledge of the terms of the articles of copartnership."

The modification complained of consisted in the insertion of the words "openly and publicly."

We do not see that this could have worked any harm to appellant. Without those words the instruction would have meant the same, for nothing save dealings which were open and public could operate to enlarge the apparent scope of the business. Secret transactions could hardly be said to create an appearance of business scope.

All rules which should govern the jury, contained in the refused instructions, were included in the instructions given, and the jury were fully and fairly informed in that behalf.

The instructions given for defendants and complained of by plaintiff in error, present an unnecessary repetition of the rules announced. The 3d is, perhaps, subject to criticism as not being clear in qualification of the term "apparent scope," as applied to the business of defendants in error. But taking the instructions together, they announce the rules governing correctly, and we see no error that can be said to have been probably prejudicial, or which should be treated as reversible error.

The judgment is affirmed.